## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

ANDREW COLE WHALING,

      Plaintiff,

v.                                             CIVIL ACTION NO. 2:23-CV-568

HARLEY STOLLINGS, et al.,

      Defendants.

### PROPOSED FINDINGS & RECOMMENDATION

This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3.) Pending before the Court is the *Motion for Emergency Hearing* (ECF No. 2) filed by the Plaintiff, Andrew C. Whaling ("Plaintiff" or "Whaling"), as well as *Defendants Harley Stollings and Jack Alsop's Motion to Dismiss* (ECF No. 13), *Defendant West Virginia Attorney General Patrick Morrisey's Motion to Dismiss* (ECF No. 15), and *Defendants West Virginia Governor Jim Justice and The State of West Virginia'[s] Motion to Dismiss* (ECF No. 17). For the reasons explained more fully herein, it is respectfully **RECOMMENDED** that the Defendants' *Motions* (ECF Nos. 13; 15; 17) be **GRANTED**, Plaintiff's *Motion* (ECF No. 2) be **DENIED** as moot, and this action be **DISMISSED** without prejudice and stricken from the Court's docket.

## I.    BACKGROUND

Plaintiff, proceeding pro se, filed the operative short-form[1] *Complaint* in this matter on August 23, 2023. (ECF No. 1.)  In the first and second sections of the form, Plaintiff identified the parties, naming as Defendants (1) Jim Justice, Governor of West Virginia; (2) Patrick Morrisey, Attorney General of West Virginia; (3) Hon. Harley E. Stollings, Family Court Judge for the Sixteenth Judicial Circuit of West Virginia; (4) Hon. Jack Alsop, Circuit Judge for the Fourteenth Judicial Circuit of West Virginia; and (5) the State of West Virginia. *Id.* In the next portion of the form *Complaint*, regarding the basis for federal jurisdiction, Mr. Whaling asserted that this Court has jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. § 1331, because this matter involves Plaintiff's rights under the First, Fifth, and Sixteenth Amendments to the U.S. Constitution, as well as 18 U.S.C. § 242. (ECF No. 1 at 4.) In the next portion of the *Complaint*, which directed Plaintiff to write a short and plain statement of the claim, Plaintiff stated as follows:

> 1. Refused Legal Representation In lieu of Contempt. October 21st, 2021. Harley Stollings, Jack Alsop, Jim Justice, Patrick Morrisey. Clay County Family Court, and Clay County Circuit Court. Refusing to appoint legal representation before finding an individual in contempt is a direct violation of the 5th[2] amendment right to legal representation.

*Id.* at 5. In the final section of Plaintiff's form *Complaint*, where the form instructed Plaintiff to state what damages or other relief he is asking the Court to order, he stated as follows:

---

[1] The form Plaintiff utilized is the Court's *Pro Se Form 1 Complaint for a Civil Case*, as revised in December 2016.

[2] Based upon the liberal standard afforded to pleadings submitted by parties proceeding without counsel, the undersigned will construe Plaintiff's reference here to mean the Sixth Amendment to the U.S. Constitution. *Compare* U.S. Const. amend. V, *with* U.S. Const. amend. VI.

> Foremost my greatest desire of relief is that the state follows the laws set by this state and country by granting me full custody while prosecuting my daughters' abusers. Beyond that I would like to see the state prosecute all individuals involved in the violation of my rights, as well as I am sure is expected I would also ask for monetary compensation mainly for the anguish placed on my daughter, myself and my family at having been ostracized while watching my every effort be ignored beyond reason and since I will not pretend to be a lawyer and I've no doubt the court expects a number despite the fact that the court will no doubt use whatever amount they themselves deem acceptable I would ask $250,000.00 for every time the constitutional right I have fought and bled for have been violated which I believe totals $60,000,000 all together

(ECF No. 1 at 5-6.)

Following the form *Complaint* is Plaintiff's handwritten *Motion for Emergency Hearing* (ECF No. 2). The full substance of Plaintiff's *Motion* is the single statement that he "would like to request an emergency hearing[,] on the grounds [that] my 16th amendment right to be a part of my child[']s life[3] has been taken and that at the moment I have not seen my daughter in over 3 months." *Id.* Plaintiff concluded his *Motion* with the statement that he "hope[s] that the Court will see fit to take im[m]ediate action." *Id.*

Subsequently, Defendants Alsop and Stollings filed a joint *Motion to Dismiss* on September 18, 2023, arguing that dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is proper because Plaintiff failed to state a claim upon which relief may be granted. (ECF No. 13.) Alsop and Stollings pointed out that Plaintiff's *Complaint* did not specify the proceeding in which he was found to be in contempt, nor did it specify the judicial officer who made this finding. (ECF No. 14 at 2.) Alternatively, Alsop and Stollings request dismissal based upon the doctrine of judicial immunity. *See id.* Defendant Morrisey also filed a *Motion to Dismiss* on September 18, 2023, arguing that dismissal

---

[3] As the Sixteenth Amendment to the U.S. Constitution merely concerns the power of Congress to levy an income tax, the undersigned will interpret Plaintiff's *Complaint* liberally here as a reference to the due-process requirement of the Fourteenth Amendment. *Compare* U.S. Const. amend. XIV, *with* U.S. Const. amend. XVI.

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is proper because, aside from simply naming him as a Defendant, Plaintiff did not set forth *any* factual allegations with respect to Defendant Morrisey. (ECF No. 15.) Morrisey also argued that the doctrines of sovereign immunity and qualified immunity barred Plaintiff's claims. *See id*. The remaining Defendants—the State of West Virginia and Governor Jim Justice—also filed a *Motion to Dismiss* on September 18, 2023. (ECF No. 17.) Therein, they echoed Defendant Morrisey's same arguments, pointing out that aside from being named in the *Complaint*, Plaintiff did not set forth *any* factual allegations regarding either Defendant Justice or the State of West Virginia. (ECF No. 18 at 3.) Likewise, these Defendants also argued that the doctrines of sovereign immunity and qualified immunity barred Plaintiff's claims. *See id*. Lastly, all the Defendants argued that, to the extent the Court construes Plaintiff's citation to 18 U.S.C. § 242 in the *Complaint* as an assertion of a cause of action pursuant to that statute, Plaintiff's claim fails as a matter of law because § 242 is a criminal statute with no private right of action. (*See* ECF Nos. 13; 15; 17.)

On September 19, 2023, the undersigned entered an *Order* requiring Plaintiff to respond to the Defendants' pending motions to dismiss within 30 days. (ECF No. 19.) On October 2, 2023, Plaintiff filed a *Response* brief in opposition to each of the three motions to dismiss. (ECF Nos. 20; 22; 24.) Each of Plaintiff's *Response* briefs set forth substantively similar arguments, with a few exceptions as noted *infra*. First, Plaintiff clarified his legal theories of liability, sprinkling in a few new allegations of fact: that he was found to be in contempt and jailed for failure to pay court-ordered child support in violation of his Sixth Amendment rights; that the Family Court denied him "the right to speak in court" in violation of his First Amendment rights; and that the Family Court's award of custody to the child's mother forced Plaintiff "out of [his] child's life so that she

might be abused by her mother," in violation of Plaintiff's Fourteenth Amendment rights. (*See* ECF No. 21.)

With respect to the judicial-immunity defense raised by Defendants Alsop and Stollings, Plaintiff conceded that "the Judges cannot be sued to which I agree completely." (ECF No. 25 at 3.) However, Plaintiff added as follows:

> I am not suing the judges I am suing the state for their illegal actions, and in accordance with the law I cited them as parties so that they might be present to present their defense as well as to turn over the evidence of the courts since to this point it has been refused to me. I made it abundantly clear in my filing I wanted the PROSECUTION of all individuals involved in taking my rights and abusing my daughter and I know for a fact that judges, especially corrupt judges, can and will be prosecuted in any honest courtroom.

*Id.* at 4. As to Defendants Justice and Morrisey, Plaintiff stated his belief as to each of these Defendants "that since he is responsible for the office both their crimes falling on his shoulders and in the capacity that he represents his office in the official capacity that he was the one to be named in my paperwork." (ECF Nos. 21 at 3-4; 23 at 3-4.)

Defendant Morrisey filed a *Reply* brief in support of his *Motion to Dismiss* on October 10, 2023. (ECF No. 26.) Subsequently on November 2, 2023, Defendants Justice and the State of West Virginia filed their *Reply* (ECF No. 27), and Defendants Alsop and Stollings filed their *Reply* on that same day (ECF No. 28). Accordingly, this matter is now ripe for adjudication.

## II. <u>ANALYSIS</u>

Having reviewed the parties' submissions, the undersigned recommends dismissal of this civil action for lack of subject-matter jurisdiction, or alternatively, dismissal for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The *Rooker-Feldman* doctrine deprives the federal district courts of subject-matter jurisdiction over "cases [1] brought by state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the district court proceedings commenced and [4] inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). *See also Ernst v. Child & Youth Servs.*, 108 F.3d 486, 491 (3d Cir. 1997) ("[I]t is improper for federal district courts to exercise jurisdiction over a case that is the functional equivalent of an appeal from a state court judgment."). The doctrine rests on the principle that "a United States District Court has no authority to review final judgments of a state court in judicial proceedings." *Feldman*, 460 U.S. at 482.

As the Fourth Circuit clarified in applying this doctrine, "federal courts may entertain claims previously examined by a state court, so long as those claims do not seek review of the state court decision itself." *Harold v. W. Va. Div. of Corr. & Rehab.*, 2:21-cv-177, 2021 WL 11702080, at *1 (S.D. W. Va. June 25, 2021) (quoting *Elyazidi v. SunTrust Bank*, 780 F.3d 227, 233 (4th Cir. 2015)). Thus, the Court's role in this matter is to examine whether Plaintiff "seeks redress for an injury caused by the state-court decision itself." *Id.* Consequently, if—"in order to grant the federal plaintiff the relief sought"—the federal court must determine that the state court judgment was erroneously entered or must take action that would render the judgment ineffectual," then the *Rooker-Feldman* doctrine applies and the matter must be dismissed. *Ernst*, 108 F.3d at 491 (quoting *FOCUS v. Allegheny Cnty. Ct. of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996)); *see also Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995) (finding that *Rooker-Feldman* bars district court review "[i]f the relief requested in the federal

action requires determining that the state court decision is wrong or would void the state court's ruling.").

Unquestionably, Court filings made by pro-se parties must be held to less stringent standards than those drafted by attorneys, and the court is obliged to construe Plaintiff's pleadings liberally. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, a plaintiff may not proceed on an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25 (1992). Nor may the Court assume the role of advocate. *Westfall v. Trump*, 1:20-CV-207, 2020 WL 7865280, at *2 (N.D. W. Va. Dec. 31, 2020); *Gordon v. Leeke*, 576 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that the district court is not expected to assume the role of advocate for a *pro se* litigant); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (explaining that district courts are not required to "conjure up questions never squarely presented to them" in *pro se* filings). Furthermore, the requirement of liberal construction does not mean that the court may ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990)

In the case at hand, even when applying the liberal standard afforded to pro se litigants, the undersigned **FINDS** that dismissal of this civil action is required pursuant to the *Rooker-Feldman* doctrine. First, while Plaintiff's short-form *Complaint* and attached *Motion* provide few allegations of fact, they do sufficiently demonstrate that this action was brought by a party who lost in state court and is now complaining of injuries caused by the judgments of that state court. Plaintiff alleged that a West Virginia Family Court made a child-custody determination as to Plaintiff's minor child. (ECF No. 1 at 5-6.) Second, Plaintiff in this case complains of injuries caused by the state-court judgments—namely, that the child-custody determination deprived Plaintiff of custody

over his child. Additionally, Plaintiff complains that he was injured when the Family Court found him to be in contempt—ostensibly, during the course of the child-custody proceedings. *See id.* Third, based upon the language of the *Complaint*, which directly refers to the judgments of the Family Court, it is clear that they were rendered before Plaintiff initiated the instant civil action by filing his *Complaint* with this Court on August 23, 2023. *See id.* Fourth and finally, the case at hand expressly invites this Court's review and rejection of the judgments rendered by the West Virginia Family Court, because the relief Plaintiff seeks is an order from this Court "granting [Plaintiff] full custody," in direct contravention of the Family Court's judgment. Based upon these factors, it is clear that Plaintiff is essentially seeking the functional equivalent of an appeal from a state-court judgment—precisely as contemplated by *Rooker-Feldman*. Accordingly, the undersigned **FINDS** that dismissal is proper for lack of subject-matter jurisdiction.

Alternatively, even if the Court were to find that *Rooker-Feldman* was inapplicable, dismissal is nonetheless proper pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The undersigned agrees with the Defendants that Plaintiff did not set forth sufficient factual allegations in his *Complaint* that, taken as true, would constitute a legal cause of action.

For purposes of a motion to dismiss under Rule 12(b)(6), Courts must consider the Complaint's factual allegations as true, but need not do so with respect to mere conclusory legal allegations, which need not be given such consideration. "To survive a motion to dismiss, a Complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that

the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While no specific form of pleading is required, Plaintiff must set forth sufficient factual allegations in his Complaint that, if true, would constitute a legal cause of action. Facts, as opposed to mere conclusions, are required: "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). Dismissal is proper where no facts exist to support allegations of liability contained in the complaint. Further, a claim must be dismissed even if it is merely conceivable but fails to cross "'the line between possibility and plausibility.'" *Ashcroft*, 556 U.S. at 678. A claim has facial plausibility only when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Here, Plaintiff's *Complaint* is facially deficient. It does not meet the requirements of Rule 12(b)(6) because it failed to identify any operative facts to establish the essential elements of any cause of action. Plaintiff asserted that he was wrongfully denied custody and/or visitation rights, but he did not provide any factual details describing the circumstances of the proceedings from which the Court could reasonably infer that any of the Defendants violated Plaintiff's statutory or constitutional rights. Likewise, Plaintiff alleged that he was held in contempt, but he did not provide any factual details describing who found him to be in contempt, identifying the proceedings during which this occurred, the stated basis for the finding of contempt, or the consequences to him of being found in contempt. In short, Plaintiff's *Complaint* is an example of allegations so fundamentally threadbare that the Court cannot reasonably infer that Defendants are liable for any actionable acts or omissions.

Plaintiff's *Responses* to the Defendants' motions to dismiss do not cure these deficiencies. First, Plaintiff largely sidestepped the substance of Defendants' arguments. Furthermore, even with Plaintiff's addition of some additional factual allegations in the *Response*, neither the Court nor the Defendants are any closer to understanding what specific acts by either of the named judicial officers was alleged to have been "criminal" or violative of Plaintiff's rights, or in what way either of the judicial officers' unspecified determinations were wrongful or gave rise to a cause of action. Depending on the circumstances, a Family Court's award of full custody to one parent instead of another, a judge's silencing of a disruptive party during court proceedings, and a judge's exercise of its contempt powers, can all be perfectly lawful. Without any factual detail from the Plaintiff regarding the circumstances surrounding these vaguely-outlined judicial acts, Plaintiff's causes of action are simply not plausible.

As to the remaining Defendants—Morrisey, Justice, and the State of West Virginia—Plaintiff's claims are equally meritless. As to Defendant Morrisey, the Attorney General's duties of office are set forth by the State Legislature in West Virginia Code section 5-3-2. *See generally* W. Va. Code § 5-3-2. Similarly, as to Defendant Justice, the Governor's duties of office are set forth by the State Legislature in West Virginia Code section 5-1-1. *See generally* W.Va. Code § 5-1-1. Importantly, none of the duties listed in either § 5-3-2 or § 5-1-1 confer the power to oversee the State's judiciary to the West Virginia Governor or the West Virginia Attorney General. *See id.* Because Plaintiff conceded that his claims against Defendants Justice and Morrisey are based solely upon their status as State officials rather than any acts or omissions, the absence of a duty of oversight is fatal to Plaintiff's claim.

Finally, the Fourth Circuit has stated a general preference for permitting a pro-se party one opportunity to amend his or her complaint; nonetheless, the Fourth Circuit expressly stated that this Court may deny leave to amend when "the amendment would be futile," such that "it is clearly insufficient or frivolous on its face" or "if the claim it presents would not survive a motion to dismiss." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019). That is precisely the case in the matter at hand; Plaintiff's *Responses* only emphasize his failure to assert sufficient factual material to raise a plausible claim for relief. Moreover, Plaintiff left the majority of Defendants' legal arguments unchallenged. As a result, the undersigned **FINDS** that amendment would be futile, and dismissal is proper.

## III.  RECOMMENDATION

For the foregoing reasons, it is respectfully **RECOMMENDED** that the Defendants' *Motions* (ECF Nos. 13; 15; 17) be **GRANTED**, Plaintiff's *Motion* (ECF No. 2) be **DENIED** as moot, and this action be **DISMISSED** without prejudice and stricken from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (mailing) from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection.  Extension

of this time period may be granted by the presiding District Judge for good cause shown. A copy of any objections shall be provided to Judge Goodwin and to each opposing party, except that, if any opposing party is represented by counsel, that party's copy should be provided to his or her counsel.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation, to mail a copy of the same to Plaintiff, and to transmit a copy to counsel of record via the Court's CM/ECF system.

ENTER:        February 13, 2024

Dwane L. Tinsley
United States Magistrate Judge