IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ANDREW COLE WHALING,

        Plaintiff,

v.                              CIVIL ACTION NO.   2:23-cv-00568

STATE OF WEST VIRGINIA, et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the court are the Motion for Emergency Hearing filed by Plaintiff, Andrew Cole Whaling, [ECF No. 2], as well as the Motions to Dismiss filed by Defendants Harley Stollings and Jack Alsop, [ECF No. 13], Defendant West Virginia Attorney General Patrick Morrisey, [ECF No. 15], and Defendants West Virginia Governor Jim Justice and the State of West Virginia, [ECF No. 17].

I. Background

On August 23, 2023, Plaintiff filed a *pro se* Complaint against Defendants Harley Stollings, Jack Alsop, Attorney General Patrick Morrisey, Governor Jim Justice, and the State of West Virginia, claiming that Defendants violated his First, Fifth, and Sixteenth Amendment rights under the United States Constitution, as well as 18 U.S.C. § 242, in a state court family law proceeding. [ECF No. 1]. In his statement of claim, Plaintiff writes:

> Refused Legal Representation in lieu of Contempt. October 21, 2021. Harley Stollings, Jack Alsop, Jim Justice, Patrick Morrisey. Clay County Family Court, and Clay County Circuit Court. Refusing to appoint legal representation before finding an individual in contempt is a direct violation of the 5th amendment right to legal representation.[1]

*Id.* at 5. Despite an instruction under this statement to "see attached pages," no additional pages were attached, and Plaintiff makes no further statement regarding his claims. Plaintiff also filed a single-page Motion for Emergency Hearing, in which he claims that his "16th Amendment right to be a part of [his] child's life has been taken"[2] and that he had not seen his daughter in over three months. [ECF No. 2].

On September 18, 2023, all Defendants moved for dismissal of Plaintiff's Complaint. Defendants Alsop and Stollings argue in their motion that the Complaint fails to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) or that, alternatively, the doctrine of judicial immunity applies and bars Plaintiff's claims against them, as they are judges. [ECF No. 13]. Defendant Morrisey also seeks dismissal under Rule 12(b)(6) in his motion and further argues that the doctrine of qualified immunity bars Plaintiff's claims against him. [ECF No. 15]. Finally, Defendants Justice and the State of West Virginia, likewise, argue for dismissal under Rule 12(b)(6) and further claim that the doctrine of sovereign immunity bars Plaintiff's claims against them. [ECF No. 17]. The following day, on September 19, 2023, this court entered an Order directing Plaintiff

---

[1] Plaintiff later clarified that this should have been listed as the Sixth Amendment. [ECF No. 21, at 2].
[2] Plaintiff later clarified that this should have been listed as the Fourteenth Amendment. [ECF No. 21, at 2].

to review the court's Pro Se Handbook and to file any responses to the pending Motions to Dismiss no later than October 19, 2023. [ECF No. 19].

Plaintiff filed a Response to each of the respective motions to dismiss on October 2, 2023. *See* [ECF Nos. 20, 22, 24]. In each of the identical Responses, Plaintiff contends that his claim "is one to which relief may be granted" and "clarif[ied]" that "the State is liable for the crimes of its officials and that immunity does not extend" to the requested prosecutions. [ECF Nos. 20, at 2; 22, at 2; 24, at 2]. In his accompanying Memoranda of Law, [ECF Nos. 21, 23, 25], Plaintiff makes additional legal arguments related to his right to legal representation after being found in contempt of court and addresses the immunity defenses pleaded by Defendants. Defendants each timely replied to Plaintiff's Response. *See* [ECF Nos. 26–28].

This action was referred to the Honorable Dwane L. Tinsley for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). *See* [ECF No. 3]. On February 13, 2024, Judge Tinsley submitted his Proposed Findings & Recommendation ("PF&R"), [ECF No. 29], finding that this court lacks subject-matter jurisdiction over the case under the *Rooker-Feldman* doctrine and that Plaintiff's claims should be dismissed on this ground, or alternatively, for failure to state a plausible claim for relief under Federal Rule of Civil Procedure 12(b)(6). As such, Judge Tinsley recommends that the court **GRANT** Defendants Motions to Dismiss [ECF Nos. 13, 15, 17], **DISMISS as moot** Plaintiff's

Motion for Emergency Hearing [ECF No. 2], and **DISMISS** the matter from the court's docket. [ECF No. 29, at 11].

Plaintiff filed his Objection to the PF&R on February 20, 2024, in which he makes a general objection to Judge Tinsley's basis for finding that this court lacks subject-matter jurisdiction over the case, stating that he is not seeking an amendment of the state court's prior order, but rather that "it was [his] assumption that [the] federal court would simply order the state itself to hear and fix [his] case." [ECF No. 30, at 5]. Additionally, in lieu of objecting to Judge Tinsley's finding that Plaintiff's Complaint fails to state a plausible claim for relief under Rule 12(b)(6), Plaintiff offers what he considers to be a "detailed summary" of the alleged violations that form the basis for his claims. *Id.* at 1. Finally, Plaintiff argues that his chosen Defendants are proper, but he does not specifically object to any particular proposed finding or recommendation. *See id.* at 2–4 (outlining alleged violations by Defendant Dorsey); *id.* at 4 (claiming that he had been assured by Defendant Governor Justice that the Governor "could and would fix [Plaintiff's] issues" and that "similar conversations were had with the office of Mr. Morrisey"); *id.* at 6 (arguing that Defendant Dorsey's alleged actions bestows liability upon Defendant Alsop and Defendant Stollings because "all judges are required to fix any issues created by their predecessors").

## II.  Legal Standard

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."

28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3). "Failure to file *specific* objections pursuant to 28 U.S.C. § 636(b)(1)(C) may be construed by any reviewing court as a waiver of such objection." *Veney v. Astrue*, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008) (internal markings omitted) (emphasis in original); *see United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."). General objections do not meet the requirements set forth in 28 U.S.C. § 636(b)(1)(C) or Rule 72(b), and, therefore, such general objections constitute a waiver of *de novo* review. *See Howard's Yellow Cabs, Inc. v. United States*, 987 F. Supp. 469, 474 (W.D. N.C. 1997).

### III. Discussion

#### A. Specificity of Objections

Despite Judge Tinsley's guidance that the parties had a total of seventeen days from the filing of the PF&R "to file with the Clerk of this Court specific written objections identifying the portions of the [PF&R] to which objection is made and the basis of such objection," [ECF No. 29, at 11], Plaintiff failed to make specific objections or identify any alleged errors in the PF&R. Rather, he contends that he does not seek to amend the state court order, but instead requests that this court make the state court "fix" his case. In the interest of justice, I will apply the liberal standard afforded to *pro se* litigants and consider this a specific objection to Judge Tinsley's finding as to a lack of subject-matter jurisdiction. However, I **FIND** that the rest of Plaintiff's

objections, including the self-proclaimed "detailed summary" of the claims and his reasoning for his choice of Defendants, do not constitute objections to a specific part of the PF&R that would require *de novo* review.

### B. Subject-Matter Jurisdiction

The court has reviewed *de novo* those portions of the PF&R pertaining to subject-matter jurisdiction and finds that it lacks subject-matter jurisdiction over this matter under the *Rooker-Feldman* doctrine.

"Among the federal courts, only the Supreme Court possesses the authority to exercise appellate jurisdiction over state-court judgments," as vested by Congress in 28 U.S.C. § 1257(a). *Hulsey v. Cisa*, 947 F.3d 246, 249 (4th Cir. 2020) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291–92 (2005)). In both *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), the Supreme Court foreclosed federal district courts from exercising jurisdiction over actions that were essentially appeals from state-court judgments, thereby creating what is known as the *Rooker-Feldman* doctrine. This doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon*, 544 U.S. at 284; *see Lance v. Dennis*, 546 U.S. 459, 460 (2006) (per curiam); *Skinner v. Switzer*, 562 U.S. 521, 532 (2011). The question is not whether a plaintiff "is attempting to litigate claims he either litigated or could have litigated before the state court." *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 718 (4th Cir. 2006). Rather,

"if the state-court loser seeks redress in the federal district court for the injury caused by the state-court decision, his federal claim is, by definition, 'inextricably intertwined' with the state-court decision." *Id.* at 719. If, however, "a plaintiff in federal court does not seek review of the state court judgment itself but instead 'presents an independent claim, it is not an impediment to the exercise of federal jurisdiction that the same or a related question was earlier aired between the parties in state court.'" *Thana v. Bd. of License Comm'rs for Charles Cnty., Md.*, 827 F.3d 314, 320 (4th Cir. 2016) (quoting *Skinner*, 562 U.S. at 532).

Here, Plaintiff argues that he is not seeking an amendment of the state court's prior order, but rather that "it was [his] assumption that [the] federal court would simply order the state itself to hear and fix [his] case." [ECF No. 30, at 5]. This, he believes, would not run afoul of the *Rooker-Feldman* doctrine. However, by ordering the state to "fix" Plaintiff's case, this court would be amending or overturning the state-court judgment, which it is not allowed to do. It is clear from the Complaint that the injuries for which Plaintiff seeks relief were caused by state-court decisions. The contempt order and custody determination were both state-court decisions in which Plaintiff was the losing party. Plaintiff's alleged injuries—violations of his constitutional rights—were caused by those decisions, and those decisions preceded the filing of this case. *See id.* (listing the date of injury for his Sixth Amendment claim as October 21, 2021); *id.* at 2 (noting the date the state court granted custody to Miss Hymer as September 19, 2019); *id.* at 2–4 (stating that his First Amendment rights were violated on various dates in 2019 and 2020). Finally, part of the relief he seeks

for those alleged injuries is full custody of his daughter, which would require this court to overturn the state-court custody determination. *See* [ECF No. 1, at 5 ("Foremost[,] my greatest desire of relief is that the state follows the laws set by this state and country by granting me full custody . . .")].

For these reasons, the *Rooker-Feldman* doctrine applies here and precludes this court from adjudicating Plaintiff's claims for lack of subject-matter jurisdiction.

## IV. Conclusion

I **FIND** that this court lacks subject-matter jurisdiction over this matter, and as such, this case must be dismissed. Therefore, the court **ADOPTS** the Magistrate Judge's PF&R, [ECF No. 29], **GRANTS** Defendants' Motions to Dismiss [ECF Nos. 13, 15, 17], **DENIES as moot** Plaintiff's Motion for Emergency Hearing [ECF No. 2], **DISMISSES without prejudice** the case, and **DIRECTS** that this action be removed from the docket.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 6, 2024

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE